UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

KATHERINE WILSON,

                    Plaintiff,

    -against-

WAL-MART STORES EAST, LP,

                    Defendant.
---------------------------------------------------------------X

**OPINION AND ORDER**

16 Civ. 8637 (JCM)

Plaintiff Katherine Wilson ("Plaintiff") commenced this action against Defendant Wal-Mart Stores East L.P. ("Defendant") to recover for personal injuries allegedly suffered by Plaintiff when a sign collapsed on her in Defendant's store in White Plains, New York (the "Wal-Mart Store") on May 24, 2016.[1] (Docket No. 2). Plaintiff filed her Complaint on August 30, 2016 in the Supreme Court of the State of New York, County of Westchester. (Docket No. 2). Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Docket No. 2). Before this Court is Defendant's Motion for Summary Judgment, dated November 22, 2017, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Motion"). (Docket No. 20). Plaintiff opposed the Motion on January 10, 2018, (Docket No. 28), and Defendant replied on January 16, 2018, (Docket No. 30). For the reasons set forth below, the Court grants Defendant's Motion.[2]

---

[1] This action is before this Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c). (Docket No. 5).

[2] The parties' motion papers are hereinafter cited as "Def. Br.," "Pl. Opp." and "Def. Reply Br." (Docket Nos. 23, 28, 30). All page number citations refer to the page number assigned upon electronic filing unless otherwise noted.

1

## I. BACKGROUND

The following facts are taken from Defendant's Statement of Material Facts submitted pursuant to Local Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York, ("Def. 56.1"),[3] (Docket No. 22), the parties' exhibits, and the pleadings submitted by the parties in support of their contentions.[4] The facts are construed "in the light most favorable to" Plaintiff as the party opposing summary judgment. *Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018).

On May 24, 2016, Plaintiff visited the Wal-Mart Store located at 275 Main Street in White Plains, New York with her two grandchildren. (Def. 56.1 ¶ 6; Wilson Dep. at 9:7-12). While shopping, Plaintiff saw a bin filled with loose DVDs in the middle of an aisle in the Wal-Mart Store's electronics department. (Def. 56.1 ¶¶ 7, 31; Wilson Dep. at 12:7-13:20; Dabare Dep. at 20:24-21:3). There was a pole in the middle of the bin holding up a plastic sign, which stated the DVDs were on sale for five dollars. (Def. 56.1 ¶ 8; Wilson Dep. at 16:3-21; 20:4-25). Plaintiff shopped in the bin for approximately four minutes. (Def. 56.1 ¶ 9; Wilson Dep. at 21:12-16). Plaintiff dug through the DVDs in the bin and testified: "As I was pulling – I was like sorting through, and I guess I was tossing some to the side to get to the bottom, and all of a sudden the pole just gave way and came crashing down." (Def. 56.1 ¶ 11; Wilson Dep. at 23:17-22). Plaintiff was looking down into the bin while digging through the DVDs. (Def. 56.1 ¶ 12; Wilson Dep. at 26:14-25). She testified that the pole moved forward or shifted, but she never

---

[3] Plaintiff did not file a Rule 56.1 counter-statement or statement of facts. Therefore, where Defendant's cited materials support the factual assertions in Defendant's Rule 56.1 statement, the Court accepts these facts as true for the purposes of this Opinion and Order. *See* Section II, *infra*.

[4] The exhibits Plaintiff filed in opposition to the Motion are duplicative of Defendant's Exhibits. Plaintiff's Exhibits 1 through 5 are the deposition transcript of Plaintiff, which is also Defendant's Exhibit D (hereinafter "Wilson Dep."), and Plaintiff's Exhibits 6 through 8 are the deposition transcript of Panduke Dabare, which is also Defendant's Exhibit F (hereinafter "Dabare Dep."). (Docket Nos. 21, 29).

saw the pole move. (Def. 56.1 ¶¶ 13-14; Wilson Dep. at 23:23-24:16, 28:8-12). The plastic sign, but not the pole, made contact with Plaintiff's head. (Def. 56.1 ¶ 15; Wilson Dep. at 27:21-28:7). Plaintiff testified she did not notice any issues with the pole or sign when she first approached the bin. (Wilson Dep. at 27:2-8).

After being hit, Plaintiff pushed the sign and pole away and left the area to find a manager. (Def. 56.1 ¶¶ 16-17; Wilson Dep. at 29:8-11; 34:3-24). Plaintiff found the Wal-Mart Store's co-manager, Panduke Dabare, and told him "[she] was looking for DVDs and the sign collapsed on [her] head." (Def. 56.1 ¶¶ 18, 46; Wilson Dep. at 35:8-14; Dabare Dep. at 14:3-20). Mr. Dabare provided Plaintiff with an ice pack and some Tylenol. (Def. 56.1 ¶ 19; Wilson Dep. at 36:15-17). Plaintiff showed Mr. Dabare the DVD bin where she was injured and, according to Plaintiff's testimony, Mr. Dabare told Plaintiff that "whoever put the sign up didn't mount it to the floor, and that he was sorry." (Def. 56.1 ¶ 22; Wilson Dep. at 38:19-21). At Mr. Dabare's deposition, he did not recall making this comment to Plaintiff and the parties dispute the substance of Mr. Dabare's conversation with Plaintiff. (Def. 56.1 ¶ 51; Dabare Dep. at 20:17-21). Thereafter, Plaintiff and Mr. Dabare went to customer service where Mr. Dabare completed a customer incident report on Plaintiff's behalf. (Def. 56.1 ¶¶ 23-26; Def. Ex. E). The customer incident report states that Plaintiff was getting movies when "all of [a] sudden sign fell and hit [Plaintiff's] head." (Def. Ex. E). The customer incident report further indicates that Plaintiff was hit on the right side of her forehead above her right eye. (*Id.*). Mr. Dabare recalled that the pole was crooked when he went to fix the sign after Plaintiff's injury. (Def. ¶¶ 49-50; Dabare Dep. at 19:22-24, 26:2-22).

According to Mr. Dabare's testimony, the DVD bin is a year-round feature located in the Wal-Mart Store's electronics department. (Def. 56.1 ¶¶ 31-32; Dabare Dep. at 21:1-8). The bin

is approximately four feet by four feet and approximately waist high. (Def. 56.1 ¶¶ 33-34; Dabare Dep. at 15:20-16:3). The base of the bin is approximately two feet above the store's floor. (Def. 56.1 ¶ 35; Dabare Dep. at 24:4-12). The base of the bin contains a hole in its center, and a pole with a sign attached to it is placed in the hole. (Def. 56.1 ¶¶ 36-37; Dabare Dep. at 19:3-7). Mr. Dabare did not believe the pole needed to be screwed into the bin's base or attached to the floor. (Def. 56.1 ¶¶ 38-39; Dabare Dep. at 23:2-7, 27:9-15).

A surveillance video of the area where the accident occurred shows Mr. Dabare walking by the DVD bin several times in the minutes leading up to Plaintiff's accident. (Def. 56.1 ¶ 55; Def. Ex. G). The video depicts Plaintiff near the DVD bin and shows the sign is approximately eye level with Plaintiff. (Def. Ex. G). At approximately 7:29 p.m., the sign shifts and appears to fall into the DVD bin. (Def. 56.1 ¶ 56; Def. Ex. G). Plaintiff cannot be seen on the video at the time the sign shifts because she is standing behind a pillar, which obstructs the camera's view. Moments later, Plaintiff can be seen walking away from the DVD bin. (Def. 56.1 ¶ 57; Def. Ex. G). At approximately 7:35 p.m., Plaintiff and Mr. Dabare can be seen together at the bottom of the surveillance video screen. (Def. 56.1 ¶ 58; Def. Ex. G). The cause and manner of Plaintiff's injury cannot be determined from the video due to the camera angle and picture quality. It is unclear if the pole holding the sign tipped over or if the sign detached from the pole. The line of sight between the camera and Plaintiff is obstructed by a pillar and additional signage, and the pole holding the sign cannot be seen.

Mr. Dabare testified that Wal-Mart employees conduct safety sweeps every one or two hours. (Def. 56.1 ¶ 30; Dabare Dep. at 10:18-22). During a safety sweep, the Wal-Mart Store's managers and associates look for anything noticeably hazardous and correct it. (*Id.*). As part of his duties on the day of the accident, Mr. Dabare walked around the entire store every one or two

4

hours during his shift and looked for any hazards. (Def. 56.1 ¶¶ 43-45; Dabare Dep. at 32:24-34:22). He testified he did not recall seeing an unsafe sign in the DVD bin prior to the accident. (Dabare Dep. at 32:24-33:19). Mr. Dabare further explained that Wal-Mart associates in the electronics department add DVDs to the bin and inspect the bin on a daily basis. (Def. 56.1 ¶ 30; Dabare Dep. at 21:18-19; 23:16-19). However, Mr. Dabare did not know who set up the sign in the DVD bin prior to Plaintiff's accident. (Dabare Dep. at 19:8-10). To the best of Mr. Dabare's knowledge, the sign stays in the bin year round, and the DVDs are removed from the bin once a year during inventory. (Def. 56.1 ¶ 52; Dabare Dep. at 21:24-22:11). Mr. Dabare was unaware of the sign in the DVD bin ever falling previously, and he was unaware of other accidents or injuries involving the DVD bin's sign. (Def. 56.1 ¶ 53; Dabare Dep. at 44:15-22).

## II. LEGAL STANDARDS

### A. Summary Judgment

The moving party bears the burden of demonstrating that it is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to a material fact "exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008); *see also Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247–48 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *See Casalino v. N.Y. State Catholic Health Plan, Inc.*, No. 09 Civ. 2583(LAP), 2012 WL 1079943, at \*6 (S.D.N.Y. Mar. 30, 2012).

In reviewing a motion for summary judgment, the Court "must draw all reasonable inferences in favor of the nonmoving party" and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150–51 (2000). However, the Court may not weigh the evidence or determine the truth of the matter, but rather conducts "the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250.

The moving party bears the initial burden of "demonstrating the absence of a genuine issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323). If the moving party meets this initial burden, the burden then shifts to the non-moving party to "present evidence sufficient to satisfy every element of the claim." *Id.* "The non-moving party is required to 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial,'" *id.* (citing *Celotex*, 477 U.S. at 324), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-moving party fails to establish the existence of an essential element of the case on which it bears the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

In the Southern District of New York, parties moving for and opposing summary judgment motions must also submit short and concise statements of facts, supported by evidence that would be admissible at trial. Local Civ. R. 56.1. The opposing party must specifically controvert the moving party's statement of material facts, or the moving party's facts will be deemed admitted for purposes of the motion. Local Civ. R. 56.1(c); *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested

and admissible."). However, "uncontested fact[s] cannot be deemed true simply by virtue of their assertion in a Local Rule 56.1 statement"—in the absence of citations or "where the cited materials do not support the factual assertions in the [s]tatements, the Court is free to disregard the assertion." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (quotation marks and citations omitted). The Court therefore has discretion "to conduct an assiduous review of the record even where one of the parties has failed to file such a statement." *Id.* (quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c)(3). Nevertheless, the Court is "not required to consider what the parties fail to point out." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (quotation marks and citations omitted).

**B. Burden of Proof on Summary Judgment**

Defendant correctly maintains that federal law governs the moving party's burden of proof on summary judgment. (Def. Br. at 5-6). In contrast, Plaintiff consistently misapprehends the burden of proof applicable to Defendant's Motion, incorrectly arguing that Defendant failed to make a *prima facie* showing under New York's procedural law. (Pl. Opp. at 3). Because jurisdiction over this claim is based upon the parties' diversity of citizenship and the alleged acts occurred in New York, New York law governs the substantive tort claim. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). However, federal law applies to procedural aspects of the claim. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *see also Tingling v. Great Atl. & Pac. Tea Co.*, No. 02 CIV. 4196 (NRB), 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003) ("We find that the issue of what burden a movant for summary judgment bears when the ultimate burden of proof lies with the non-movant is procedural rather than substantive, under the distinction created by *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938) and its progeny, and accordingly is subject to federal rather than state law.") (citing *Celotex,* 477 U.S. 317); *Hughes v. United States*, No. 12 CIV. 5109 CM, 2014 WL 929837, at *4 (S.D.N.Y. Mar. 7, 2014) (applying the federal burden of

7

proof standard on a motion for summary judgment, explaining that "[e]ven though the substantive claims are governed under New York law, the procedural issues are determined under the federal standard.").

The federal burden of proof on a motion for summary judgment differs from the corresponding standard under New York law in a premises liability action. *See, e.g.*, *Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 12-13 (2d Cir. 2008); *Vasquez v. United States*, No. 14-CV-1510 (DF), 2016 WL 315879, at *4-5 (S.D.N.Y. Jan. 15, 2016). "Under New York law, '[a] defendant who moves for summary judgment in a [premises liability] case has the initial burden of making a *prima facie* showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it.'" *Vasquez*, 2016 WL 315879, at *4 (quoting *Levine v. Amverserve Ass'n, Inc.*, 938 N.Y.S.2d 593, 593 (2d Dep't 2012)). Conversely, under federal law, the moving party "need not make any affirmative *prima facie* showing on [a] motion for summary judgment, and may discharge its burden of proof merely 'by pointing to an absence of evidence to support an essential element of [Plaintiff's] claim.'" *Id.* at *5 (quoting *Zeak v. United States*, No. 11 Civ. 4253 KPF, 2014 WL 5324319, at *8 (S.D.N.Y. Oct. 20, 2014)); *see also Feis v. United States*, 394 F. App'x 797, 798-99 (2d Cir. 2010) (applying New York substantive law and federal procedural law, finding that "contrary to plaintiff's assertions, defendant was not required to affirmatively disprove each element of plaintiff's claim.").[5] Therefore, because the burden of proof on a motion for summary judgment is procedural and federal law applies,

---

[5] *See also Tenay*, 281 F. App'x at 12-13 (affirming district court's grant of summary judgment and noting that, although under New York law the moving party bears the initial burden of proof, under federal law "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions," and that therefore, where the non-movant bears the burden of proof at trial, "the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim.") (quotation marks and citations omitted).

Defendant may meet its burden by "'showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case,'" but need not "raise a *prima facie* case." *Hughes*, 2014 WL 929837, at *4 (quoting *Celotex*, 477 U.S. at 325). If Defendant meets that burden, the burden then shifts to Plaintiff to present evidence on each element of the claim and demonstrate that a genuine issue of material fact exists for trial. *Celotex*, 477 U.S. at 322-24; *Holcomb*, 521 F.3d at 137.

## III. DISCUSSION

A plaintiff asserting a negligence claim under New York law must show "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (internal quotation marks omitted). In the context of a premises liability case, the plaintiff must first establish "the existence of a dangerous or defective condition." *Vasquez*, 2016 WL 315879, at *4. Next, "the plaintiff must demonstrate that the landowner created the condition that caused the injury, or that the landowner had actual or constructive notice of the condition." *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004); *see also Decker v. Middletown Walmart Supercenter Store #1959 et al.*, No. 15 Civ. 2886 (JCM), 2017 WL 568761, at *4 (S.D.N.Y. Feb. 10, 2017) ("[T]he plaintiff must demonstrate that the defendant either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it.") (quotation marks and citations omitted). Under New York law, Plaintiff bears the burden of proof on the elements of her premises liability claim at trial. *See Tenay*, 281 F. App'x at 13.

Defendant argues there are no genuine issues of material fact regarding whether it created the dangerous condition at issue or had actual or constructive notice of the condition. (Def. Br. at

8-12; Def. Reply Br. at 5-7). Plaintiff contends the evidence creates triable issues of fact as to whether Defendant created or had notice of the condition. (Pl. Opp. at 4).

## A. Creation of a Dangerous Condition

Defendant contends there is no evidence a Wal-Mart employee created the defect in the sign that caused it to fall over. (Def. Br. at 8-10). Specifically, Defendant maintains "[t]here is no evidence that a Wal-Mart employee touched, moved, placed this pole, or engaged in any other activity at or relatively close in time to the plaintiff's accident, that could constitute circumstantial evidence that the defendant created a defect." (*Id.* at 10). In response, Plaintiff argues that Mr. Dabare's statement to Plaintiff that "whoever put the sign up didn't mount it to the floor" creates triable issues of fact regarding whether it was Defendant who created the sign's defect.[6] (Pl. Opp. at 9-10).

"To establish that a defendant created a dangerous condition or defect, a plaintiff must point to 'some affirmative act' on the part of the defendant." *Vasquez*, 2016 WL 315879, at *7 (citations omitted). "For a plaintiff to prove *prima facie* negligence, even if she can credibly infer creation by defendant, she must show the creation was an affirmative, 'deliberate and intentional' act by defendant." *Nussbaum v. Metro-N. Commuter R.R.*, 994 F. Supp. 2d 483, 493 (S.D.N.Y. 2014), *aff'd* 603 Fed. Appx. 10 (2d Cir. 2015) (citations omitted). It is not enough to prove "the defendant knew or had reason to know of the *condition*," a plaintiff alleging that a

---

[6] Defendant asks the Court to exclude Mr. Dabare's statement, as relayed by Plaintiff, on the following grounds: (1) the statement is inadmissible hearsay; and (2) the Court should not "credit" Plaintiff's version of events because it is inconsistent with other facts in the record. (Def. Br. at 12-13; Def. Reply Br. at 5-6). However, the Court will consider Mr. Dabare's statement as a statement by a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(D) because Mr. Dabare was the Wal-Mart Store's co-manager on duty at the time of the accident. *See In re Reserve Fund Secs. & Derivative Litig.*, No. 09MD2011 (PGG), 2012 WL 12354233, at *4 (S.D.N.Y. Oct. 3, 2012). Moreover, the Court is not in a position to assess Plaintiff's credibility on a summary judgment motion and will not weigh Plaintiff's and Mr. Dabare's differing accounts. *See Jeffreys v. City of N.Y.*, 426 F.3d 549, 553 (2d Cir. 2005) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.").

defendant created a dangerous condition must also show "that the defendant knew or had reason to know of the *danger*, *i.e.*, that the condition it created was dangerous." *Nussbaum v. Metro-N. Commuter R.R.*, 603 Fed. Appx. 10, 12 (2d Cir. 2015) (emphasis in original). Although circumstantial evidence "may be sufficient to defeat a motion for summary judgment" if it creates an inference that Defendant created the condition through affirmative acts, "'[a] plaintiff cannot avoid summary judgment through mere speculation and conjecture regarding how a defendant may have created a particular hazard.'" *Vasquez*, 2016 WL 315879, at *7 (quoting *Cousin v. White Castle Sys., Inc.*, No. 06-CV-6335 (JMA), 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009)).

Plaintiff's opposition does not clearly state the defective condition Defendant is charged with creating. Plaintiff avers generally "a large sign was caused to collapse upon the Plaintiff's head." (Pl. Opp. at 1). In a conclusory and general manner, Plaintiff further claims Defendant negligently created the condition by:

> improperly securing a sign, allowing the sign in the store to become worn, loose, broken and defective while being hung or propped up on the stand and allowing the sign to sag for unreasonable period of time causing it to detach from the stand or structure that it was holding it in pace [*sic*] and allowing it to detach and crash onto the Plaintiff; in allowing the fasteners to become worn, causing them to break and/or be pulled from the wall stud; in allowing the sign to be hung or held up on or by rotten or damaged studs and/or wall; in hanging or propping up the sign on a wall, stud or stand that cannot support the sign's weight; in placing the sing [*sic*] on a wall, studs or stand that lost their integrity and ability to support it, in allowing the wooden screws to fail; in failing to install the sign correctly with the required wall stud, stand, or supportive structure and screws that would hold the weight of the sing [*sic*]; in failing to apply the correct backing capable of supporting the screws and the sign; in failing to replace the anchors and stripped bolds [*sic*] in a timely manner; in failing to perform proper repairs and or maintenance of sign; in causing allowing permitting a trap to exist at said location . . .

(Pl. Opp. at 1-2). Many of Plaintiff's arguments are plainly belied by the evidence, including Plaintiff's own testimony and the surveillance video. For example, there is no evidence the sign

11

that injured Plaintiff was supposed to be affixed to a wall or required the use of wall studs, wooden screws, or bolts.  On the contrary, Plaintiff testified that the plastic sign was attached to a pole in the middle of the DVD bin, and the surveillance video confirms the sign was not installed on or near a wall, but rather appeared within the DVD bin.

The only piece of evidence Plaintiff identifies in support of her theory that Defendant created the dangerous condition is Mr. Dabare's alleged statement that "whoever put the sign up didn't mount it to the floor . . ." (Pl. Opp. at 9).  It appears from this snippet of deposition testimony that Plaintiff is putting forth a theory that Defendant created the defective condition by failing to properly attach the sign's pole to the floor.  Based on this theory of negligence, the questions posed on summary judgment are whether a jury could reasonably infer from the evidence that (1) it was Defendant who failed to mount the sign's pole to the floor; and (2) Defendant knew or had reason to know of the danger associated with failing to mount the sign's pole to the floor.  *See Nussbaum*, 603 Fed. Appx. at 12 ("Because liability attaches only to fault, 'a defendant may not be held liable for creating a dangerous or defective condition upon property unless the defendant had actual, constructive, or imputed knowledge of the danger created.'") (quoting *Walsh v. Super Value, Inc.*, 904 N.Y.S.2d 121 (2d Dep't 2010)).

On the first question, Plaintiff has narrowly presented sufficient circumstantial evidence to raise a genuine issue of fact regarding whether it was a Wal-Mart employee who failed to mount the sign to the floor, causing the sign to fall over.  Supporting an inference that Wal-Mart created the sign's condition is Mr. Dabare's testimony that the DVD bin and sign are consistent year-round features within Defendant's store and it is Defendant's employees who are tasked with adding DVDs to the bin and inspecting the DVD bin on a daily basis. (Def. 56.1 ¶¶ 32, 41; Dabare Dep. at 21:6-23:22).  There is no direct evidence demonstrating that a Wal-Mart

employee improperly set up or moved the sign, and certainly, the evidence indicates there are other explanations for who may have improperly "put up" the sign or moved it from its proper position. For example, a customer rummaging through the DVD bin could have shifted the sign out of place or the company responsible for inventory could have moved the sign out of position. (Def. 56.1 ¶ 11; Wilson Dep. at 23:17-22; Dabare Dep. at 23:12-15). However, on summary judgment the Court cannot resolve the factual issue as to who created the sign's condition.

Nonetheless, on the second question, even assuming it was one of Defendant's employees who failed to mount the sign to the floor, Plaintiff has failed to create a genuine issue of material fact regarding whether Defendant knew or had reason to know that failure to attach the sign to the floor would create a dangerous hazard. There is no evidence Defendant intentionally created a dangerous condition within its store. Mr. Dabare testified that the sign did not need to be attached to the floor and it could be held up by placing the sign's pole in a hole two feet above the base of the bin. (Def. 56.1 ¶¶ 36-39; Dabare Dep. at 19:3-7, 23:2-7, 27:9-15). There is no evidence the sign itself is overtly dangerous. The sign is made of plastic and based on the surveillance video, the center of the sign is approximately eye level with Plaintiff and other patrons stopping by the DVD bin. (Wilson Dep. at 20-25; Dabare Dep. at 16:24-17:2; Def. Ex. G). Plaintiff did not offer any evidence indicating that the DVD bin's sign, or signs similar to the one in the DVD bin, caused prior accidents. There is no evidence that the DVD bin's sign fell before, nor was Mr. Dabare aware of prior accidents or injuries associated with the sign. (Def. 56.1 ¶ 53; Dabare Dep. at 44:15-22). Accordingly, Plaintiff did not present evidence that Defendant knew or had reason to know that the sign, unattached to the floor, would create a dangerous condition, warranting summary judgment on this issue. *See Nussbaum*, 603 Fed. Appx. at 12 (summary judgment appropriate where there was no evidence defendant had reason

to know that using a certain percentage of detergent on its floors would create a dangerous slipping condition) (citing *Walsh*, 904 N.Y.S.2d at 121).

**B. Actual Notice of a Dangerous Condition**

"To prove actual notice, plaintiff must present proof that defendants were, in fact, aware of the dangerous condition." *Castellanos v. Target Dep't Stores, Inc.*, No. 12 Civ. 2775(GWG), 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013) (citations omitted). "A defendant has actual notice if it either created the condition or received reports of it such that it is actually aware of the existence of the particular condition that caused the [accident]." *Cousin*, 2009 WL 1955555, at *7 (citing *Torri v. Big V of Kingston, Inc.*, 537 N.Y.S.2d 629, 630-31 (3d Dep't 1989)); *see also Nussbaum*, 603 F. App'x at 12 ("Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition.") (citing *Matcovsky v. Days Hotel*, 782 N.Y.S. 2d 64, 65 (1st Dep't 2004)).

First, as discussed above, Defendant is entitled to summary judgment on the issue of whether it created the dangerous condition. Second, Plaintiff has not submitted any evidence that could permit a rational fact finder to infer Defendant had actual knowledge of the dangerous condition. *See* Section III.A, *supra*; *see also See Henry v. Target Corp.*, No. 16-CV-8416 (JPO), 2018 WL 3559084, at *4 (S.D.N.Y. July 24, 2018) (no triable issues regarding actual notice where plaintiff failed "either (1) to identify a[n] employee who had knowledge of the [dangerous] condition before her [accident], or (2) to offer circumstantial evidence that would allow a reasonable jury to infer that an employee had actual notice."); *Strass v. Costco Wholesale Corp.*, No. 14-CV-06924 (PKC) (VMS), 2016 WL 3448578, at *4 (E.D.N.Y. June 17, 2016) ("Aside from conclusory references to 'actual notice,' Plaintiffs do not identify any evidence that would support a finding that [Defendant] was, in fact, aware of the condition that allegedly caused [Plaintiff's accident] . . ."); *Decker*, 2017 WL 568761, at *6 (granting defendant's motion

for summary judgment where there was no evidence that "Defendant's employees had observed the substance on the ground prior to Plaintiff's fall" or that "Defendant had received reports of the condition").

## C. Constructive Notice of a Dangerous Condition

Defendant argues Plaintiff failed to present any evidence that the defect in the sign was "visible and apparent" and existed for a "sufficient length of time" prior to the accident to permit Defendant's employees to discover and remedy it. (Def. Br. at 11-12). According to Defendant, by failing to present this evidence, Plaintiff "abandoned any real attempt to establish that defendant was on . . . constructive notice of a defect with the sign prior to her alleged accident." (Def. Reply Br. at 5). Citing the incorrect burden of proof on summary judgment, Plaintiff argues Defendant can be charged with constructive notice because "[t]here is . . . no evidence of what if any inspection [was] performed prior to the accident."[7] (Pl. Opp. at 4).

Plaintiff attempts to establish Defendant's constructive notice of the sign's defect by advancing a "failure to inspect" theory. "Courts differ on whether a failure to inspect is a means for establishing constructive notice or a separate obligation that displaces the need for notice when imposing premises liability." *Bogery v. United States*, No. 17-CV-6996 (VEC), 2018 WL 4265901, at *7 (S.D.N.Y. Sept. 6, 2018) (citing *Cruz v. Target Corp.*, No. 14-CV-2728 (RER), 2016 WL 3102018, at *1 (E.D.N.Y. June 2, 2016)). Either way, under a "failure to inspect" theory, Plaintiff must still come forward with evidence showing that a reasonable inspection would have revealed the condition. *See Bogery*, 2018 WL 4265901, at *8 (plaintiff's failure to

---

[7] Plaintiff also argues the Court should deny the Motion because "the key facts are within the exclusive knowledge of the moving party." (Pl. Opp. at 5). However, Plaintiff does not articulate which facts she believes are exclusively within Defendant's knowledge. Nor does Plaintiff argue she did not have a reasonable opportunity for disclosure or claim that her discovery was improperly curtailed in any way. *See Baron v. Inc. Vill. of Freeport*, 533 N.Y.S.2d 143 (2d Dep't 1988). The Court, therefore, finds this argument meritless.

15

demonstrate when a condition began precluded her "failure to inspect" theory); *Lacey v. Target Corp.*, No. 13 CV 4098 RML, 2015 WL 2254968, at *6 (E.D.N.Y. May 13, 2015) ("[P]laintiff has not shown that a reasonable inspection would have discovered the condition, as she cannot establish the length of time that the condition was there to be discovered.").

Here, Plaintiff has not put forth any evidence demonstrating Defendant's allegedly deficient inspection or showing that a reasonable inspection would have uncovered the sign's defect. Plaintiff instead shifts the burden onto Defendant. Plaintiff contends, "there is . . . no testimony before this court by a representative of defendant who inspected the specific area before the Plaintiff was injured[,]" and "thus, defendants did not demonstrate their *prima facie* entitlement to judgment as a matter of law." (Pl. Opp. at 4). Plaintiff misconstrues the applicable burden of proof in this case. In a federal diversity case, a defendant moving for summary judgment on a negligence claim does not need to "present detailed evidence concerning its inspections of the premises" in order to prevail on summary judgment. *Castellanos*, 2013 WL 4017166, at *7; *see also Vasquez*, 2016 WL 315879, at *8 ("Defendant need not offer any evidence showing that its cleaning and inspection practices would have revealed the existence of a dangerous condition, but must only demonstrate that Plaintiff lacks affirmative proof sufficient to establish a genuine issue of fact with respect to the element of notice."). Because the "burden rests with the plaintiff to raise a triable question of fact that the defendant created or had notice of the dangerous condition," Defendant was not required to come forth with evidence of its last inspection. *Castellanos*, 2013 WL 4017166, at *7. If Plaintiff wanted to proceed on a "failure to inspect" theory, the federal standard requires Plaintiff to set forth evidence of Defendant's alleged failure. Plaintiff has not done that in the instant case. Moreover, Plaintiff has not identified any evidence regarding Defendant's purported deficient inspection, nor has Plaintiff

cited to evidence sufficient to show Defendant's inspection would have uncovered the defect. *See Bogery*, 2018 WL 4265901, at *8; *Lacey*, 2015 WL 2254968, at *6.

Furthermore, "[t]o prove liability based on constructive notice, the danger must have been 'visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it.'" *Nussbaum*, 603 F. App'x at 12 (quoting *Lemonda v. Sutton*, 702 N.Y.S.2d 275, 276 (1st Dep't 2000)) (alteration in original); *see also Watts v. Wal-Mart Stores East, L.P.*, No. 16-CV-4411 (KMK), 2018 WL 1626169, at *7 (S.D.N.Y. Mar. 29, 2018) ("Because [the p]laintiff proffers no evidence showing that the water on the floor was visible or apparent for a sufficient time before the fall, the Court cannot infer that [the d]efendant had constructive notice of it.") (quoting *Dranoff v. Sam's East, Inc.*, No. 16-CV-6582 (CS), 2017 WL 1437207, at *5 (S.D.N.Y. Apr. 20, 2017)); *Gordon v. Am. Museum of Nat. History*, 501 N.Y.S.2d 646, 647 (1986) ("To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.").

The evidence before the Court does not support an inference that the defect in the sign was visible and apparent for a sufficient length of time before the accident to permit Defendant to discover and remedy it. First, in the surveillance video the DVD bin's sign appears upright in the bin until Plaintiff's accident. (Def. Ex. G). Second, the video, which includes about an hour and a half of footage prior to Plaintiff's accident, shows numerous individuals walking by the DVD bin and shopping in the DVD bin without seeming to notice anything wrong with the sign. (*Id.*). Third, Plaintiff testified she did not notice any issues with the pole or sign when she first approached the DVD bin. (Wilson Dep. at 27:2-8). Finally, Mr. Dabare testified he did not recall seeing any issues with this particular sign prior to Plaintiff's accident. (Dabare Dep. at 32:24-

33:19). Under these circumstances, a reasonable fact finder cannot infer that Defendant had constructive notice of the defect. *See Watts*, 2018 WL 1626169, at *5 ("Courts in the Second Circuit have routinely granted summary judgment in similar [premises liability] claims on the ground that the defect was not visible and apparent when a plaintiff did not see it prior to the [accident]."); *Vasquez*, 2016 WL 315879, at *8 (granting summary judgment on the issue of constructive notice where "no dangerous condition or defect is apparent in the photographs," where Defendant's employees "testified that they never noticed any such hazard . . .," and where "Plaintiff points to no evidence contradicting this testimony or otherwise demonstrating that the allegedly dangerous condition was visible or apparent."); *Castellanos*, 2013 WL 4017166, at *6 (finding plaintiff presented no evidence that dangerous condition was visible and apparent where plaintiff testified that she did not see the condition until after the accident, where no other witness saw the condition, and where surveillance video showed customers and employees walking through the area where plaintiff fell without incident or seeming to notice the condition).

Plaintiff's opposition does not identify any facts in support of her contention that Defendant had constructive notice of the sign's defect, nor does it substantively address the requisite elements of constructive notice. The absence of evidence forecloses liability based on constructive notice. Accordingly, summary judgment for Defendant is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted.  The Clerk is respectfully requested to terminate the pending Motion (Docket No. 20), enter judgment for Defendant, and close the case.

Dated: September 18, 2018
        White Plains, New York

SO ORDERED:

*Judith C. McCarthy*
JUDITH C. McCARTHY
United States Magistrate Judge